UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHASITY PICKENS and LUDNEY TILME,
as parents and natural guardians of
SYNCERE TILME, a deceased minor,

    Plaintiffs,

vs.

ST. LUCIE MEDICAL CENTER, FLORIDA COMMUNITY
HEALTH CENTERS, INC., PABLO GONZALEZ, M.D.,
and THE UNITED STATES OF AMERICA,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, CHASITY PICKENS AND LUDNEY TILME, as Parents and Natural Guardians of the deceased minor, Syncere Tilme, hereby sue Defendants, ST. LUCIE MEDICAL CENTER, FLORIDA COMMUNITY HEALTH CENTERS, INC., PABLO GONZALEZ, M.D., and THE UNITED STATES OF AMERICA, and allege as follows:

### INTRODUCTION

1. This is an action arising under the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671 et seq. This court is vested with jurisdiction pursuant to 28 U.S.C.A. § 1346(b).

### JURISDICTION AND VENUE

2. Plaintiffs reside in Fort Pierce, St. Lucie, Florida, which is within the Southern District of Florida. The acts and omissions complained of occurred within the Southern District of Florida.

3.	Plaintiffs are the appointed, qualified and acting personal representatives of the estate of Syncere Tilme, deceased, are duly authorized to bring this action on behalf of and for the benefit of the following next of kin of Syncere Tilme, deceased: Chasity Pickens and Ludney Tilme, parents and natural guardians.  The above-named persons are all the next of kin of Syncere Tilme, deceased.

## PARTIES

4.	Plaintiff, Chasity Pickens, as Parent and Natural Guardian of Syncere Tilme, a deceased minor was, at all times material hereto, a resident of St. Lucie County, Florida, was over the age of eighteen (18) years, and is otherwise *sui juris*.

5.	Plaintiff, Ludney Tilme, as Parent and Natural Guardian of Syncere Tilme, a deceased minor, was at all times material hereto, a resident of St. Lucie County, Florida, was over the age of eighteen (18) years, and is otherwise *sui juris*.

6.	Defendant, St. Lucie Medical Center, was, at all times material hereto, a hospital doing business in St. Lucie County, Florida.

7.	Defendant, Florida Community Health Centers, Inc., was, at all times material hereto, a health center doing business in St. Lucie County, Florida.

8.	Defendant, Dr. Pablo Gonzalez, was, at all times material hereto, a doctor practicing medicine in St. Lucie County, Florida, was over the age of eighteen (18) years, and is otherwise *sui juris*.

9.	At all times material, Defendant United States of America, by the U.S. Department of Health & Human Services, an agency of Defendant, owned and operated St. Lucie Medical Center, in Fort Pierce, Florida.

10. At all times material, Defendant United States of America, by the U.S. Department of Health & Human Services, an agency of Defendant, owned and operated Florida Community Health Centers Inc., in Fort Pierce, Florida.

## CONDITIONS PRECEDENT

11. All of the conditions precedent to instituting this action have been complied with, excused and/or waived. Specifically, the Plaintiff complied with the pre-suit requirements of 45 C.F.R. §35.2(b) and 28 U.S.C. § 2675(a).

## GENERAL ALLEGATIONS

12. On August 14, 2013, Ms. Chastity Pickens visited the St. Lucie Women & Children Center at 1871 SE Tiffany Ave #200, Port St Lucie, FL 34952 for an ultrasound of her unborn baby.

13. Ms. Chastity Pickens' OB/GYN at this time was Dr. Pablo Gonzalez.

14. Dr. Pablo Gonzalez was an agent and/or employee of both St. Lucie Women & Children Center and Florida Community Health Centers, Inc.

15. St. Lucie Women & Children Center is a health center owned, operated, and/or managed by Defendant Florida Community Health Centers, Inc.

16. The sonogram films from Ms. Chastity Pickens' August 14, 2013 prenatal ultrasound show that her unborn child suffered from Hypoplastic Heart Syndrome.

17. No employee, agent, individual or contractor, including Dr. Pablo Gonzalez, the sonographers, technicians, and/or other doctors who read the ultrasound films at St. Lucie Women & Children Center diagnosed Ms. Chastity Pickens' unborn child with Hypoplastic Heart Syndrome.

18. No follow-up studies were ordered or performed to ensure visualization of a four-chambered heart in Ms. Chastity Pickens' unborn child.

19. If left untreated, Hypoplastic Heart Syndrome has a one hundred percent (100%) mortality rate.

20. The present survivability of Hypoplastic Heart Syndrome with a normal life is greater than seventy-five percent (75%) with proper diagnosis and corresponding medical treatment.

21. On December 15, 2013, Syncere Tilme was born at St. Lucie Medical Center.

22. On or about December 17, 2013, Syncere Tilme was released from St. Lucie Medical Center. The only stated concern for her health was her inability to pass the newborn hearing exam.

23. On or about December 24, 2013, Syncere Tilme appeared for her two week checkup at St. Lucie Medical Center, one of the Florida Community Health Centers. The check-up resulted in no new findings of concern for Syncere Tilme's health.

24. On or about January 3, 2014, an agent of St. Lucie Medical Center performed an at-home visit to once again evaluate the health of Syncere Tilme. Still, no new findings were made pertaining to Syncere Tilme's health.

25. On January 15, 2014, Syncere Tilme died in her grandmother's arms outside a Florida Community Health Center clinic.

26. An autopsy of Syncere Tilme, performed on January 16, 2014, at 9:00 a.m., revealed her cause of death to be hypoplastic left heart syndrome.

27. Hypoplastic left heart syndrome should be diagnosed either before birth during prenatal ultrasounds of the baby's heart, or after birth whilst performing routine and standard medical evaluations of newborns.

28. On January 13, 2016, Plaintiffs filed an amended claim for administrative settlement with the Department of Health & Human Services, for the sum of $25,000,000. On June 7, 2016, the Department of Health & Human Services rejected the claim and, pursuant to 28 U.S.C.A. §2401(b), Plaintiffs elect to file suit against the United States in this federal district court.

**COUNT I- MEDICAL MALPRACTICE (as to St. Lucie Medical Center)**

Plaintiffs reallege the allegations set forth above in paragraphs one (1) through twenty-eight (28) as if set forth herein in full.

29. At all times material hereto, Defendant St. Lucie Medical Center, its employee(s), independent contractor(s) and/or agent(s) maintained the duty to provide health care services within the prevailing standard of care.

30. At all times material hereto, Defendant St. Lucie Medical Center, its employee(s), independent contractor(s) and/or agent(s) breached the duty it owed Syncere Tilme by providing substandard treatment and care. Specifically, Defendant St. Lucie Medical Center, its employee(s), independent contractor(s) and/or agent(s) breached its duty, including but not limited to, in the following manner:

   a. Failure to diagnose the left hypoplastic heart syndrome;
   b. Failure to appropriately manage heart care issues;
   c. Failure to appropriately conduct medical examinations, including but not limited to the heart;
   d. Use of inappropriate strategies to rule out possible heart issues;
   e. Failing to timely treat the symptoms and/or presentations of left hypoplastic heart syndrome;
   f. Failing to timely recommend life-saving surgery; and
   g. Failing to provide the appropriate standard of medical care.

31. As a direct, foreseeable, and proximate result of the Defendant St. Lucie Medical Center's negligence, Syncere Tilme died at 1:24pm on January 15, 2014.

32. As a further direct and proximate result of the death of Syncere Tilme, Plaintiffs, Syncere Tilme's parents and natural guardians, have been deprived of the love, comfort, society, support, and care of decedent all to their damage in the sum of $25,000,000.00.

33. As a further direct and proximate result of the Defendant St. Lucie Medical Center's negligence, Plaintiffs have incurred medical expenses for the care and treatment of Syncere Tilme.

**WHEREFORE**, Plaintiffs Chasity Pickens and Ludney Tilme, as Parents and Natural Guardians of Syncere Tilme, the deceased minor, demands judgment for damages against the Defendant St. Lucie Medical Center in the sum of $25,000,000.00, together with costs of suit, and any other relief this Honorable Court deems just and proper.

**COUNT II- MEDICAL MALPRACTICE (as to Florida Community Centers, Inc.)**

Plaintiffs reallege the allegations set forth above in paragraphs one (1) through twenty-eight (28) as if set forth herein in full.

34. At all times material hereto, Defendant Florida Community Centers, Inc., its employee(s), independent contractor(s) and/or agent(s) maintained the duty to provide health care services within the prevailing standard of care.

35. At all times material hereto, Defendant Florida Community Centers, Inc., its employee(s), independent contractor(s) and/or agent(s) breached the duty it owed Syncere Tilme by providing substandard treatment and care. Specifically, Defendant Florida Community Centers, Inc., its employee(s), independent contractor(s) and/or agent(s) breached its duty, including but not limited to, in the following manner:

   a. Failure to diagnose the left hypoplastic heart syndrome;
   b. Failure to appropriately manage heart care issues;

    c.    Failure to appropriately conduct medical examinations, including but not limited to the heart;
    d.    Use of inappropriate strategies to rule out possible heart issues;
    e.    Failing to timely treat the symptoms and/or presentations of left hypoplastic heart syndrome;
    f.    Failing to timely recommend life-saving surgery; and
    g.    Failing to provide the appropriate standard of medical care.

36. As a direct, foreseeable, and proximate result of the Defendant Florida Community Centers, Inc.'s negligence, Syncere Tilme died at 1:24pm on January 15, 2014.

37. As a further direct and proximate result of the death of Syncere Tilme, Plaintiffs, Syncere Tilme's parents and natural guardians, have been deprived of the love, comfort, society, support, and care of decedent all to their damage in the sum of $25,000,000.00.

38. As a further direct and proximate result of the Defendant Florida Community Centers, Inc.'s negligence, Plaintiffs have incurred medical expenses for the care and treatment of Syncere Tilme.

**WHEREFORE**, Plaintiffs Chasity Pickens and Ludney Tilme, as Parents and Natural Guardians of Syncere Tilme, the deceased minor, demands judgment for damages against the Defendant Florida Community Centers, Inc., in the sum of $25,000,000.00, together with costs of suit, and any other relief this Honorable Court deems just and proper.

### COUNT III- MEDICAL MALPRACTICE (as to Pablo Gonzalez, MD)

Plaintiffs reallege the allegations set forth above in paragraphs one (1) through twenty-eight (28) as if set forth herein in full.

39. At all times material hereto, Defendant Dr. Pablo Gonzalez maintained the duty to provide health care services within the prevailing standard of care.

40.     At all times material hereto, Defendant Dr. Pablo Gonzalez breached the duty he owed Syncere Tilme by providing substandard treatment and care.  Specifically, Defendant Dr. Pablo Gonzalez breached his duty, including but not limited to, in the following manner:

   a. Failure to diagnose the left hypoplastic heart syndrome;
   b. Failure to appropriately manage heart care issues;
   c. Failure to appropriately conduct medical examinations, including but not limited to the heart;
   d. Use of inappropriate strategies to rule out possible heart issues;
   e. Failing to timely treat the symptoms and/or presentations of left hypoplastic heart syndrome;
   f. Failing to ensure the existence of a four-chambered heart;
   g. Failing to timely recommend life-saving surgery; and
   h. Failing to provide the appropriate standard of medical care.

41.     As a direct, foreseeable, and proximate result of the Defendant Dr. Pablo Gonzalez's negligence, Syncere Tilme died at 1:24pm on January 15, 2014.

42.     As a further direct and proximate result of the death of Syncere Tilme, Plaintiffs, Syncere Tilme's parents and natural guardians, have been deprived of the love, comfort, society, support, and care of decedent all to their damage in the sum of $25,000,000.00.

43.     As a further direct and proximate result of the Defendant Dr. Pablo Gonzalez's negligence, Plaintiffs have incurred medical expenses for the care and treatment of Syncere Tilme.

**WHEREFORE**, Plaintiffs Chasity Pickens and Ludney Tilme, as Parents and Natural Guardians of Syncere Tilme, the deceased minor, demands judgment for damages against the Defendant Pablo Gonzalez, MD, in the sum of $25,000,000.00, together with costs of suit, and any other relief this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

DATED THIS 24th day of October, 2016.

          Respectfully submitted:

          FRIEDLAND & ASSOCIATES, P.A.
          Attorneys for Plaintiff
          707 NE 3rd Avenue, Suite 201
          Fort Lauderdale, Florida 33304
          954 321-8810; 954 321-8995 (facsimile)
          lee@yourfightourbattle.com
          pleadings@yourfightourbattle.com


          By: */s/ Lee Friedland*_____
            LEE FRIEDLAND, ESQUIRE
            Florida Bar No.: 991163